UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BRYAN KEITH MATTHEWS,

              Plaintiff,                          Case No. 1:07-cv-897

v.                                       Honorable Robert J. Jonker

MARY BERGHUIS et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the full filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.    Factual allegations

Plaintiff Bryan Keith Matthews presently is incarcerated with the Michigan Department of Corrections and housed at the West Shoreline Correctional Facility (MSP).  He sues MSP Warden Mary Berghuis, Court Appointed Attorney Carol Ann Jaworski, Genesee County District Court Judge Albert Horrigan, Genesee County Circuit Court Judge Thomas C. Yeotis, and Genesee County Prosecuting Attorneys Morris Kent, Mark Berkman, Robert E. Weiss and Robert Yullie.

According to quasi-legalistic ramblings of the complaint, Plaintiff appears to allege that attorneys licensed by the State Bar of Michigan are not, in fact, "licensed" to practice law in Michigan because the State Bar of Michigan is a voluntary association.  According to Plaintiff, licensing may only happen in accordance with the British Accredited Registry (BAR) system established in Boston in 1761, which certified BAR attorneys as officers of the court.  Attorneys licensed by the State Bar of Michigan, Plaintiff argues, are merely foreign agents as defined under 22 U.S.C. § 611, who have not properly registered under 22 U.S.C. § 612.  As a result, Plaintiff contends, his conviction by the practice of un-licensed, non-BAR attorneys, has unlawfully placed him in "servitude," in violation of his constitutional rights to equal protection and due process of law.  For relief, he seeks immediate release from prison and an order vacating all sentences imposed upon him by these non-registered foreign agents.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Although Plaintiff does not invoke 28 U.S.C. § 2254, the Court is unable to construe the allegations of the complaint as anything other than a challenge to his state-court convictions and his current confinement.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. 477.  In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted).  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).  Plaintiff's allegations clearly call into question the validity of his conviction.  Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.   Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the

meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997).


Dated:  November 5, 2007                                   /s/ Hugh W. Brenneman, Jr.
                                                          HUGH W. BRENNEMAN, JR.
                                                          United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely
objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).