UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

BRYAN KEITH MATTHEWS,

        Plaintiff,                               Case No.  1:07-CV-897

v.                                             Hon. Robert J. Jonker

MARY BERGUIS et al.,

        Defendants.

———————————————————————/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

        The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 3) filed on November 5, 2007.  Plaintiff filed his Objection to the Report and Recommendation (docket # 4) on November 19, 2007.

        Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The dispositive fact in this case is that Plaintiff's complaint is a petition for a writ of habeas corpus masquerading as a prisoner civil rights complaint.  This fact is dispositive because the applicable rules and caselaw do not allow habeas petitions to masquerade.  Therefore, Magistrate Judge Brennaman properly recommended that Plaintiff's complaint be dismissed for failure to state a claim.

Plaintiff's objection to the Report and Recommendation states that his complaint should not be dismissed because he did not intend to file a civil suit.  The implication is that Plaintiff intended to bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  But Plaintiff's complaint cannot be considered as a petition for a writ of habeas corpus because it is not in the proper form.  *See* R. GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."); W.D. MICH. L. CIV. R. 5.6(a) ("Habeas corpus petitions . . . by prisoners proceeding pro se shall be in the form specified by the Court.").  Thus, Plaintiff's claim cannot be considered as a habeas petition and instead must be considered as a prisoner civil rights claim brought under 42 U.S.C. § 1983.

As explained in the Report and Recommendation, Plaintiff's complaint, considered as a prisoner civil rights claim brought under 42 U.S.C. § 1983, must be dismissed because it fails to state a claim for relief.  Plaintiff has brought a 1983 claim challenging the fact and duration of his

2

confinement.  But only a habeas petition, and not a 1983 claim, may challenge the fact and duration of confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 480 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ."). And to the extent that Plaintiff's complaint goes beyond merely challenging the fact and duration of confinement to pray for injunctive, declaratory, or monetary relief, that claim is barred until his criminal conviction has been invalidated.  *Id.* at 486–87.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 7, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.  Plaintiff's complaint is DISMISSED; and

2.  The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated:   January 18, 2008                        /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE